UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECELIA M. J., an Individual,<br><br>                Plaintiff,<br><br>                v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                Defendant. | Case No.: 2:18-06208 ADS<br><br><br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I. **INTRODUCTION**

Plaintiff Cecilia M. J.[1] ("Plaintiff") challenges Defendant Andrew M. Saul[2], Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her applications for a period of disability and disability insurance benefits ("DIB"),

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] On June 17, 2019, Saul became the Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

and supplemental security income ("SSI").  For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. FACTS RELEVANT TO THE APPEAL

A review of the entire record reflects certain uncontested facts relevant to this appeal.  Prior to filing her applications for social security benefits, Plaintiff was employed by the Los Angeles Unified School District as a cafeteria worker from 1996 until 2014.  (Administrative Record "AR" 489, 549, 561, 762, 814, 819).  Plaintiff states that her medical condition caused her to make changes to her work activity in late 2009, and she alleges she became disabled December 24, 2009.  (AR 550-52, 562, 762, 792, 794).  She alleged disability based on the effects of insomnia, back injury, high blood pressure, muscle spasms, neck injury, constant pain, pinched nerve, depression, stomach pain, leg pain, knee pain, knee surgery, cervical fusion, and hernia.  (AR 540, 545, 551, 556, 558-62, 564, 761, 786, 796).

On March 25, 2014, in conjunction with Plaintiff's workers' compensation claim[3], Dr. Francisco Meza placed Plaintiff on "Off Work" status due to "Incapacitating Injury or Pain."  (AR 2378).

Thereafter, on April 1, 2014, Dr. Meza placed Plaintiff on "modified activity at work and at home from 4/1/2014 through 4/15/2014."  (AR 2380).  Dr. Meza opined that Plaintiff: (1) could stand/walk for "up to 25% of shift"; (2) could not bend at the waist; (3) could not squat/kneel, or bend at the knee; (4) could lift/carry/push/pull no more than five pounds.  (Id.)

---

[3] Plaintiff's claim appears to have arisen when she fell onto a cart holding boxes, causing injuries to her back, neck, and knee, eventually requiring surgery.  (See, e.g., AR 552-55, 2391).

On August 8, 2014, Dr. Meza again placed Plaintiff "off work" from 8/8/2014 through 8/29/2014" due to "Incapacitating Injury or Pain." (AR 2382). On August 29, 2014, Dr. Meza continued Plaintiff's "off work" status "from 8/29/2014 through 9/24/2014." (AR 2384).

On November 4, 2014, Dr. Meza returned Plaintiff to "modified activity at work and at home from 11/4/2014 through 12/9/2014." (AR 2386-87). Dr. Meza opined that Plaintiff: (1) could stand/walk and for "up to 25% of shift"; (2) could bend at the waist "up to 25% of shift"; (3) could squat/kneel, and bend at the knee "up to 25% of shift"; (4) could not use scaffolds/work at height; and (5) could lift/carry/push/pull no more than 15 pounds. (Id.) Dr. Meza performed a detailed examination of Plaintiff and repeated this opinion at least two other times. (AR 2393, 2397).

## III. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff filed applications for DIB under Title II and SSI under Title XVI on December 23, 2013, alleging disability beginning December 24, 2009. (AR 487, 735-48). Plaintiff's applications were denied initially on February 24, 2014 (AR 614-15, 642-47), and upon reconsideration on October 16, 2014 (AR 638-39, 650-56). A hearing was held before ALJ James Delphey on April 12, 2017. (AR 532-72). Plaintiff, represented by counsel, appeared and testified at the hearing (AR 535-66), as did vocational expert Ieta Worthington (AR 566-71).

On June 22, 2017, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act ("SSA").[4] (AR 487-97). The ALJ's decision became

---

[4] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental

the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on June 7, 2018. (AR 1-6). Plaintiff then filed this action in District Court on July 18, 2018, challenging the ALJ's decision. [Docket ("Dkt.") No. 1].

On December 17, 2018, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 15, 16]. The parties filed a Joint Submission on June 17, 2019. [Dkt. No. 24]. The case is ready for decision.[5]

### B. Summary of ALJ Decision After Hearing

In the ALJ's decision of June 22, 2017 (AR 487-97), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the SSA.[6] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At **step one**, the ALJ found that Plaintiff, even though she continued to work part-time after the alleged onset date of December 24, 2009, the work did not rise to the level of substantial gainful activity. (AR 489). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) history of musculoligamentous injuries; (b) right knee meniscus

---

impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

[5] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 12].

[6] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (citing 20 C.F.R. § 404.1520).

repair; and (c) ventral hernia repair with complications.  (AR 490-91).  At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925[,] and 416.926.)"  (AR 491).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[7] to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) [8] except:

> in addition to normal breaks, she must be able to alternate standing and sitting up to 10 minutes every 90 minutes while remaining on task; can never be exposed to moving mechanical parts or work at unprotected heights; can no more than occasionally climb, balance, stoop, kneel, crouch, and crawl; and can no more than frequently push and pull with arms or legs, and operate a motor vehicle.

(AR 491).

At **step four**, based on Plaintiff's RFC, vocational background, and the vocational expert's testimony, the ALJ found that Plaintiff was unable to perform her

---

[7] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[8] "Light work" is defined as
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

past relevant work as a cafeteria attendant (Dictionary of Occupational Titles ("DOT") 311.677-010). (AR 496).

At **step five**, the ALJ found that, "[c]onsidering the [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that existed in significant numbers in the national economy that [Plaintiff] can perform . . . ." (Id.) The ALJ accepted the vocational expert's testimony that Plaintiff would be able to perform the representative occupations of: mail clerk (DOT 209.687-026); marker (DOT 209.587-034); and photocopy machine operator (DOT 207.685-014). (AR 496-97). As such, the ALJ found that Plaintiff "has not been under a disability," as defined in the SSA, from December 24, 2009, through the date of the decision, June 22, 2017. (AR 497).

## IV. ANALYSIS

### A. Issues on Appeal

Plaintiff raises three issues for review, whether the ALJ properly considered: (1) the opinion evidence from treating and examining physicians; (2) the opinion evidence of the State Agency physicians; and (3) Plaintiff's subjective testimony of symptoms and limitations. [Dkt. No. 24 (Joint Submission), p. 4]. For the reasons below, the Court agrees with Plaintiff regarding the ALJ's failure to give any consideration to the opinions of Dr. Meza, and remands on that ground.

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v.

1 Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).  A court must affirm an ALJ's findings of
2 fact if they are supported by substantial evidence and if the proper legal standards were
3 applied.  Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001).  An ALJ can satisfy
4 the substantial evidence requirement "by setting out a detailed and thorough summary
5 of the facts and conflicting clinical evidence, stating his interpretation thereof, and
6 making findings."  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation
7 omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion."  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."  Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

### C. The ALJ Failed to Give Any Consideration to Dr. Meza's Opinions.

Plaintiff asserts that the ALJ did not acknowledge, summarize, or articulate specific and legitimate reasons for discounting the opinions of treating physician Dr. Meza, expressed sixteen times in the record.  [Dkt. No. 5-6, 13].

### 1. Standard for Weighing Medical Opinions

The ALJ must consider all medical opinion evidence. 20 C.F. R. §§ 404.1527(b), 416.927(b). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester, 81 F.3d at 830 (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). Where the treating doctor's opinion is not contradicted by another doctor, it may only be rejected for "clear and convincing" reasons. Id. (citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting Bayliss, 427 F.3d at 1216). In Trevizo, the Ninth Circuit addressed the factors to be considered in assessing a treating physician's opinion.

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. Id. § 404.1527(c)(2)-(6)."

871 F.3d at 675.

"Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins, 466 F.3d at 882). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his

interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

### 2. The ALJ Failed to Provide Specific and Legitimate Reasons, Supported by Substantial Evidence, for Rejecting the Opinions of Dr. Meza.

Having carefully reviewed the record, the Court agrees with Plaintiff that the ALJ erred by failing to provide any discussion of Dr. Meza's opinions[9], for at least three reasons. [Dkt. No. 24, pp. 5-6, 13]. First, the limitations outlined by Dr. Meza are significant—including restricting her to lifting/carrying/pushing/pulling five to 15 pounds, and restricting the amount of time she can stand/walk, bend, squat, and kneel—and the failure to discuss or even mention them, let alone provide any reason for discounting them, was error. See Robbins, 466 F.3d at 883; Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence and explain why it was rejected); Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"); Alvarez v. Astrue, 2012 WL 282110, at *3 (C.D. Cal. Jan. 26, 2012) ("If the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.").

Second, by failing to address the workers' compensation limitations outlined by Dr. Meza, the ALJ also necessarily failed to translate the opinions into the social security

---

[9] Plaintiff repeatedly mentioned Dr. Meza as a treating physician in his administrative proceedings. (See, e.g., 798, 815-18).

context. See Desrosiers v. Sec'y Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (decision was not supported by substantial evidence because the ALJ had not adequately considered definitional differences between the California workers' compensation system and the SSA); Barcenas v. Berryhill, 2017 WL 3836040, at *3 (C.D. Cal. Aug. 31, 2017) (ALJ errs by failing to translate physician's opinion about claimant's limitations in workers' compensation context into Social Security context); Bell v. Berryhill, 2017 WL 3602481, at *8 (N.D. Cal. Aug. 22, 2017) (ALJ erred by failing to address treating physician's opinion placing claimant "on modified activity at work and at home" for a four-month period).

Third, and finally, because the opinions were not discussed and the limitations were not translated or presented to the vocational expert (AR 567-71), the Court cannot determine harmlessness. See Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991) (holding vocational expert's opinion, based on hypothetical that omitted "significant limitations" on claimant's ability to perform certain activity, "had no evidentiary value"), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001); Devery v. Colvin, 2016 WL 3452487, at *5 (C.D. Cal. June 22, 2016) (court could not determine harmlessness of ALJ's failure to discuss reasons she rejected limitations because vocational expert did not testify that a hypothetical person with those limitations could work); Dunlap v. Astrue, 2011 WL 1135357, at *6 (E.D. Cal. Mar. 25, 2011) (court could not determine harmlessness of error because it was unable to "determine how the [vocational expert] would have responded if he had been given a hypothetical containing [examining physician]'s actual opinion.").

Defendant's claim that "Dr. Meza provides no separate opinion about Plaintiff's work generally in the national economy, nor her permanent [RFC]" does not save the

-10-

ALJ's decision. [Dkt. No. 24, p. 9]. Because the ALJ ignored the opinions entirely, the Court cannot rely on either of these reasons to discount the opinions. See Garrison, 759 F.3d at 1010; Orn, 495 F.3d at 630. As such, the Court reverses the ALJ's decision and remands for assessment of Dr. Meza's opinions consistent with this decision.

### D. The Court Declines to Address Plaintiff's Remaining Arguments

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); see also Alderman v. Colvin, 2015 WL 12661933, at *8 (E.D. Wash. Jan. 14, 2015) (remanding in light of interrelated nature of ALJ's decision to discount claimant's credibility and give appropriate consideration to physician's opinions, step-two findings, and step-five analysis); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."). Because it is unclear, in light of these issues, whether Plaintiff is in fact disabled, remand here is on an "open record." See Brown-Hunter, 806 F.3d at 495; Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003). The parties may freely take up all issues raised in the Joint Submission, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

### E. Remand For Further Administrative Proceedings

Remand for further administrative proceedings, rather than an award of benefits, is warranted here because further administrative review could remedy the ALJ's errors. See Brown-Hunter, 806 F.3d at 495 (remanding for an award of benefits is appropriate

in rare circumstances).  On remand, Plaintiff is permitted to raise all issues raised here.  However, at a minimum, the ALJ shall properly review and evaluate Dr. Meza's opinions and reassess Plaintiff's RFC.  The ALJ shall then proceed through steps four and five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

**V.　ORDER**

　　IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING the matter for further proceedings consistent with this Order.  Judgement shall be entered accordingly.

DATE: March 25, 2020

　　　　　　　　　　　　　　　　　　/s/ Autumn D. Spaeth
　　　　　　　　　　　　　　　　THE HONORABLE AUTUMN D. SPAETH
　　　　　　　　　　　　　　　　United States Magistrate Judge